UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| OV LOOP, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:24-cv-10412-IT |
| | * | |
| MASTERCARD INCORPORATED and | * | |
| MASTERCARD INTERNATIONAL, | * | |
| INCORPORATED, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

August 14, 2024

TALWANI, D.J.

Plaintiff OV Loop, Inc. ("OV Loop") alleges Defendants Mastercard Inc. and Mastercard

International Inc.'s (collectively, "Mastercard") refusal to allow OV Loop access to Mastercard's

mobile wallet payment platform is anticompetitive behavior in violation of Section 2 of the

Sherman Act. Mastercard moves (1) to transfer this action to the Southern District of New York,

where OV Loop has a pending suit for patent infringement based on Mastercard's mobile wallet

payment platform, (2) to dismiss OV Loop's Amended Complaint, and (3) to stay discovery

pending the resolution of the motion to dismiss. For the reasons set forth herein, Mastercard's

Motion to Transfer [Doc. No. 33] is DENIED and Motion to Stay [Doc. No. 38] is GRANTED.

The Motion to Dismiss [Doc. No. 54] remains under advisement.

## I.      Brief Factual Background as Alleged in the Amended Complaint

Mastercard is a leading payment card network in the United States. Am. Compl. ¶ 27

[Doc. No. 48]. Mastercard's payment card network allows merchants to route credit card

transactions from their point of sale to the bank. Id. ¶ 30. Mastercard also operates a token

service provider, which permits digital, or mobile, use of a card to conduct a transaction. Id. ¶ 31. This platform is referred to as the Mastercard Digital Enablement Service, or "MDES." Mastercard controls access to its "tokens," and only approved mobile wallet providers can use the MDES platform. Id. ¶ 32.

OV Loop is a Massachusetts-based corporation whose digital platform "provides users with multiple payment rail options to use when making purchases, including Mastercard's payment processing network." Id. ¶ 38. OV Loop alleges that, as a means to exert control over mobile wallet payment platforms and to squeeze out competition in the payment marketplace, Mastercard is refusing to allow OV Loop's use of Mastercard's MDES tokenization service. Id. ¶ 4.

## II.     Procedural Background

### A.     *Southern District of New York Proceedings*

On March 1, 2023, OV Loop sued Mastercard in the Southern District of New York, alleging that Mastercard's MDES platform infringed on OV Loop's patent for cloud-based semi-permanent cryptographic information storage—the technology used to generate the "tokens" used in digital payments. Patent Compl. ¶¶ 1, 54 [Doc. No. 32-1]. Mastercard initiated *inter partes* review ("IPR") proceedings before the Patent Trial and Appeal Board and filed a motion to stay the federal litigation until the IPR proceeding was complete. The court granted Mastercard's motion on November 16, 2023, and the action there remains stayed. Patent Stay Order [Doc. No. 32-5]; Mot. to Dismiss [Doc. No. 54] (stay in place pending PTAB final written decision).

2

B.    *District of Massachusetts Proceedings*

On February 21, 2024, OV Loop sued Mastercard in this court for violations of Section 2 of the Sherman Act. Compl. [Doc. No. 1].

In response, Mastercard filed a motion to dismiss; after OV Loop filed an Amended Complaint [Doc. No. 48] setting forth the same one-count claim for violations of Section 2 of the Sherman Act but removing, among other things, much of the factual background related to OV Loop's own technology, Mastercard filed a renewed Motion to Dismiss [Doc. No. 54]. With its original filing, Mastercard also filed the pending Motion to Transfer [Doc. No. 33] and Motion to Stay [Doc. No. 38].

## III.    Motion to Transfer

### A.  *Standard of Review*

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Astro-Med, Inc. v. Nihon Kohden America, Inc., 591 F.3d 1, 13 (1st Cir. 2009) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). The burden is on the party moving for transfer to show that the transfer is warranted. Stewart Org., Inc., 487 U.S. at 29. When there is no valid forum-selection clause, courts weigh an array of private and public interest factors to determine if "transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'" See Atl. Marine Const. Co. v. U.S. Dist. Court for Western Dist. Of Texas, 571 U.S. 49, 62 (2013) (quoting 28 U.S.C. § 1404(a)).

### B.    *Proper Venue*

The preliminary question in a 1404(a) analysis is whether the lawsuit could have been brought in the proposed transferee district. See Hoffman v. Blaski, 363 U.S. 335, 342–44 (1960).

Mastercard, the only Defendant, is headquartered in Purchase, New York; therefore, the case could have been brought in the Southern District of New York. See 28 U.S.C. § 1391(b)(1).

      C.    *The First-to-File Rule*

      The first-to-file rule creates a presumption in favor of the forum of the first-filed action "where *identical* actions are proceeding concurrently in two federal courts." Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987) (emphasis added). Mastercard argues that because OV Loop's patent infringement action in the Southern District of New York "brings th[e] same allegations" as the pending antitrust action in this district, the court should apply the first-to-file rule to transfer the case. See Mem. ISO Mot. to Transfer 3 [Doc. No. 34].

      But these actions are not identical. OV Loop's complaint in the Southern District of New York is for infringement of a patent. The facts alleged in that complaint largely pertain to the similarities between Mastercard's MDES platform and OV Loop's system for issuing tokenized PANs and semi-permanent cryptographic keys—the subject of the patent at issue. See Patent Compl. [Doc. No. 32-1]. OV Loop's Amended Complaint [Doc. No. 48], by contrast, focuses on Mastercard's dominance of the payment platform market and its refusal to allow OV Loop access to Mastercard's existing point-of-sale mobile wallet payment network. That both actions involve facts about Mastercard's remote payment platform and the nature of the payment platform marketplace, see Def. Reply 4–5 [Doc. No. 55], does not mean that the Complaints bring the same or even substantially similar allegations. See Michael Decl., Ex. 5 (Opinion & Order) 14 n.6 ("OV Loop's other arguments [in opposition to the stay] sounding in antitrust . . . are irrelevant to this patent infringement action . . . .") [Doc. No. 32-5]; cf. Idenix Pharms. v. Gilead Sciences, Inc., 2014 WL 12782106, at *3 (Jun. 30, 2014) (transferring a second patent

infringement suit to the forum in which a first-filed patent infringement suit between the same parties was ongoing).

Accordingly, while "the pendency of related litigation in another forum is a proper factor to be considered in resolving choice of venue questions," Codex Corp. v. Milgo Elec. Corp., 553 F.2d 735, 739 (1st Cir. 1977), it does not create a presumption in favor of transfer here.

D.    *Presumption Towards Plaintiff's Choice of Forum*

Ordinarily, there is "a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981); see also Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000) ("The burden of proof rests with the party seeking transfer; there is a strong presumption in favor of the plaintiff's choice of forum.").

Mastercard's primary argument against extending deference to Plaintiff's choice of forum here is that it appears to be motivated by gamesmanship rather than practicality or convenience. Def. Mem. ISO Mot. to Transfer [Doc. No. 34]; Def. Reply 2–4 [Doc. No. 55]. But the selection appears motivated not by gamesmanship but OV Loop's convenience, where its principal place of business is in Massachusetts and OV Loop has alleged that Mastercard has engaged in an illegal scheme directed at persons throughout the United States, including in this District. Am. Compl. ¶¶ 19, 21–23 [Doc. No. 48]; see Dress v. Capital One Bank (USA), N.A., 368 F. Supp. 3d 178, 184 (D. Mass. 2019) ("[P]laintiff's choice of forum will not be considered forum shopping where there are connections between the facts of the case and the chosen forum."); see also Kleinerman v. Luxtron Corp., 107 F. Supp. 2d 122, 125 (D. Mass. 2000) ("When a plaintiff chooses [its] home forum, the choice more likely represents considerations of convenience rather than vexation or harassment to the defendant. . . ."). And the statutory provision for venue in an

antitrust suit is especially broad, providing that "any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business." 15 U.S.C. § 22. The "strong presumption in favor of plaintiff's choice of forum" remains in place. See Astro-Med, Inc., 591 F.3d at 13.

      E.    *Convenience of the Parties and Witnesses*

OV Loop is headquartered in Massachusetts, and it is more convenient to Plaintiff to conduct this litigation in its home forum. See Opp'n. to Mot. to Transfer 11 [Doc. No. 44]. Contrary to Mastercard's assertions, OV Loop's bringing of its patent infringement suit in the Southern District of New York does not in itself undermine the potential convenience of bringing this action in the District of Massachusetts.[1]

Mastercard is headquartered in New York. As a result, says Mastercard, many of the witnesses and documents that will be required in this case are also located in New York. Mem. ISO Mot. to Transfer 11 [Doc. No. 34]. Mastercard bases its argument about convenience on those witnesses identified in OV Loop's initial disclosures and complaints, see Reply 8–9 [Doc. No. 57]. But it is not clear whether the bulk of the conduct underlying this litigation occurred in one forum (or even if that forum was New York), or if the conduct was instead more dispersed, an issue not uncommon in antitrust disputes. Indeed, the witnesses in this case identified thus far appear to be so dispersed: Mastercard states that of the 27 potential witnesses named in OV

---

[1] Venue for OV Loop's patent suit was based on a different venue provision than is at issue here. Under 28 U.S.C. § 1400, venue is appropriate only "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Mastercard's suggestion that OV Loop has already exercised a choice of forum for its antitrust action by bringing the patent suit in the Southern District of New York rings hollow where Mastercard has not asserted that OV Loop could have properly brought its patent infringement action in Massachusetts.

Loop's initial disclosures and Complaint, eight are based in New York, five are based in

Massachusetts, and the remaining fourteen are located elsewhere. Michael Decl. ¶¶ 3–4 [Doc.

No. 56]. Given the nearly equal split of witnesses between New York and Massachusetts, and the

equivalent ease (or difficulty) for the remaining witnesses to appear in either forum, the court

declines to adopt Mastercard's assertion that witness convenience favors New York over

Massachusetts.

Mastercard also argues that this action will involve many of the same factual issues,

witnesses, and discovery burdens as the patent infringement dispute, thus making it more

efficient to litigate the actions in the same forum.[2] See Reply 2 [Doc. No. 57]. But this burden

can be resolved by the parties simply agreeing to share discovery between the two actions. And

where transferring the case to New York would "merely shift the burden of litigating in a foreign

forum from the defendant to the plaintiff, the court will not transfer the case on account of

convenience of the parties." See Trans National Travel, Inc. v. Sun Pacific Intern. Inc., 10 F.

Supp. 2d 79, 81 (D. Mass. 1998). Thus, this factor weighs in neither party's favor.

On balance, the convenience of the parties weighs in favor of keeping this case in the

Plaintiff's choice of forum—the District of Massachusetts.

F.    *Public Interest Factors*

The public interest factors the court may weigh on a motion to transfer venue include the

administrative difficulties flowing from court congestion and the local interest in having

localized controversies decided at home. See Piper Aircraft Co., 454 U.S. at 241 n.6 (internal

---

[2] Given the stay in the New York action, there is no discovery ongoing in that case in any event; any discovery efforts that would be undertaken in this action would therefore not be duplicative.

citation omitted). Mastercard concedes that the latter factor is neutral here. <u>See</u> Mem. ISO Mot. to Transfer 9 n.7 [Doc. No. 34].

In sum, Mastercard has not met its burden to show that transfer is warranted under Section 1404(a).

### IV.   Motion to Stay Discovery

"[F]ederal courts possess the inherent power to stay proceedings for prudential reasons." <u>Microfinancial, Inc. v. Premier Holidays Int'l, Inc.</u>, 385 F.3d 72, 77 (1st Cir. 2004). "[I]t is well within a district court's province, at least in the absence of a showing of changed circumstances or particularized need, to stay further discovery pending the determination of a dispositive motion." <u>Aponte-Torres v. University of Puerto Rico</u>, 445 F.3d 50, 59 (1st Cir. 2006). "[S]tays cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." <u>Marquis v. F.D.I.C.</u>, 965 F.2d 1148, 1155 (1st Cir. 1992).

OV Loop argues that the mere filing of a motion to dismiss does not constitute good cause for issuing a stay. But antitrust matters are typically complex and fact-intensive, <u>see</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 558 (2007), and Mastercard has adequately demonstrated that discovery would be burdensome and costly. <u>See</u> Michael Decl. ¶ 3 [Doc. No. 50] (averring that discovery in response to OV Loop's Amended Complaint will require reviewing over 1.4 million emails from ten current or former Mastercard employees). The court also finds that Mastercard's requested stay is reasonable in duration, as the court anticipates leaving the stay in place only until the pending <u>Motion to Dismiss</u> [Doc. No. 54] is resolved. OV Loop's concerns regarding prejudice seem primarily to be based on a fear that "a stay of discovery actually would be long," <u>see</u> Opp'n to Mot. to Stay 15 [Doc. No. 43], but Mastercard has not requested an

extended stay nor does the court anticipate granting one. Accordingly, the relatively short duration of the stay mitigates OV Loop's arguments regarding prejudice.

**V.      Conclusion**

For the foregoing reasons, Mastercard's <u>Motion to Transfer</u> [Doc. No. 33] is DENIED and <u>Motion to Stay</u> [Doc. No. 38] is GRANTED. The <u>Motion to Dismiss</u> [Doc. No. 54] remains under advisement.


IT IS SO ORDERED

August 14, 2024                                            /s/ Indira Talwani_____

                                                         United States District Judge